## VICENS v. CUEVAS.

APELACIÓN procedente de la Corte de Distrito de

Mayagüez.

No. 58. Resuelto en Marzo 27, 1905.

INJUNCTION.—ENTREGA DEL DOCUMENTO EN VIRTUD DEL CUAL SE EXPIDIERE UN IN-
JUNCTION.—En los casos en que se hubiere dictado un injunction preliminar,
y á la petición jurada se hubiere acompañado el documento por cuyo méri-
to se dictara tal injunction, habiéndose entregado copia del mismo á la parte
contraria al notificarse la petición, se hace innecesario el cumplimiento de lo
dispuesto en la regla 16 de las dictadas para regular la práctica de las prue-
bas en las Cortes de Distrito, pues ello equivaldría á repetir lo que había lle-
gado á conocimiento del interesado.
ID.—APLICACIÓN DE LAS REGLAS DE LA CORTE.—La apreciación y aplicación del Re-
glamento, en cada caso concreto, corresponde á la prudente discreción de las
Cortes de Distrito, que están en mejores condiciones que el Tribunal de ape-
lación para resolver acerca de sus infracciones.
ID.—Si la parte contra la que se hubiere dictado un injunction, no hubiere hecho
alegación alguna en contra de su expedición en definitiva, á pesar de habér-
sele dado oportunidad para ello, no podrá después alegar con éxito que tal
injunction fué dictado sin habérsele oido con respecto al fondo de la cuestión.
ID.—DISOLUCIÓN DEL INJUNCTION PRELIMINAR.—En los casos en que el demanda-
do presentare una moción para disolver un injunction preliminar dictado con-
tra él, y hubiere notificado dicha moción á la parte promovente, ésta está re-
levada de presentar moción alguna para que dicho injunction se haga defini-
tivo y firme, si así procede.
ID.—INJUNCTION DEFINITIVO.—No puede tener el carácter de un injunction defi-
nitivo y firme, aquél que no se hubiere incorporado en la sentencia de un plei-
to ó procedimiento, teniendo solamente el carácter de remedio provisional,
según la sección 1 de la Ley de Injunction de 1 de Marzo de 1902.

Los hechos están expresados en la Opinión.

Abogado del apelante: Sr. Vázquez.

Abogado del apelado: Sr. García Cuervo.

EL JUEZ ASOCIADO SR. FIGUERAS, emitió la opinión del
Tribunal.

Don Antonio Vicens, como administrador y comisario
por comisión expresa de Don Manuel Martínez, compa-
reció ante la Corte de Distrito del Distrito Judicial de
Mayagüez con la primera copia, según dice, de una escri-
tura de disolución de la sociedad mercantil Berríos y Ca.
S. en C. alegando que á pesar de ser pacto expreso en la
cláusula 3a. de dicha escritura de disolución que quedase
hecho cargo del activo, pasivo y existencias de la casa del

comanditario Don Manuel Martínez, Don Ramón Cuevas se ha puesto al frente de ella y hace operaciones sin autorización ni poderes de nadie, impidiendo de ese modo que Martínez ó sus apoderados se hiciesen cargo del activo, pasivo y las existencias y solicitó que, prévia fianza si se creía necesaria, se despachase auto de interdicto prohibitorio preliminar ordenándose al dicho Cuevas que se abstenga de realizar acto alguno al frente de la casa mercantil, que la abandone, y deje á disposición de Martínez ó de sus apoderados las existencias y gestión de la misma.

En 20 de Septiembre de 1904 el Juez vista la petición jurada de Don Antonio Vicens ordenó que Ramón Cuevas, dentro del término de diez días, alegare y expusiere ante la Corte las razones por que no debía librarse un injunction final prohibiéndole ejecutar ninguna clase de actos al frente de la liquidación de la sociedad Berríos y Ca., S. en C. y concediendo cualquier otro remedio que sea justo. Y se ordenó además á Cuevas que no cometiese ninguno de los actos referidos hasta nueva orden de la Corte.

Se libró mandamiento al Marshal y éste certifica que lo recibió el 21 del mes y año citados y que notificó el mismo día á Ramón Cuevas con las copias que se le acompañaron.

Don Ramón Cuevas presentó entonces y, ya vencidos los diez días que se le concedieron, la siguiente moción:

"Número 385.—Corte de Distrito del Distrito Judicial de Mayagüez,—Antonio Vicens, contra Ramón Cuevas.—Sobre interdicto prohibitorio preliminar.—Al Hon.Juez Don Isidoro Soto Nussa.— Fernando Vázquez, Abogado en representación de Don Ramón Cuebas en el interdicto prohibitorio preliminar que le ha promovido Antonio Vicens, como administrador y comisario por comisión expresa de Manuel Martínez, respetuosamente expongo:—1o. que habiéndose expedido la orden de interdicto en veinte del corriente, ayer vencieron los diez días de habérsele librado, sin que durante ellos, la parte promovente haya entregado á la parte contraria una copia

de los documentos sobre los cuales dicha orden éx-parte fué libra-
da junto con una notificación especificando que en el tiempo en ella
mencionado, se hará una solicitud á la Corte, ó al Juez fuera de
estrados para la continuación de dicha orden, basada la expresada
solicitud en los documentos así notificados así á la otra parte y en-
tregados al Secretario en el caso.—2o.—Segundo: Dentro de dichos
diez días de expedida la orden, mi parte no ha comparecido ante
la Corte ó ante Usted solicitando que se notifique la orden de injunc-
tion, haciendo á la otra parte la oportuna notificación, dándole avi-
so de la fecha en que hubiera ido á comparecer, de la solicitud que
iba á hacer y de los documentas de que intentara valerse entregán-
dole copia de ellos.—Por lo expuesto, suplico á la Corte que se
sirva declarar expirada y que quede en su consecuencia y sin efec-
to la orden de injunction ó interdicto preliminar librada en este
asunto el veinte del corriente contra Ramón Cuebas, mi represen-
tado, expidiéndose para el cumplimiento la orden necesaria y con-
denando á Antonio Vicens al pago de los daños y perjuicios causa-
dos á mi parte y al de las costas ocasionadas.—Pido justicia, Maya-
güez, 31 de Septiembre de 1904.—Fernando Vázquez, Abogado del
demandado.—Jurada y firmada ante mí—Mayagüez Octubre 5 de
1904.—Rodolfo Ramírez.—Quedo notificado de la anterior moción
habiendo recibido copia de la misma.—Mayagüez, Octubre 5 de 1904.
—Alfredo Arnaldo.—Presentado el 6 de Oct. de 1904.—William Fal-
ver, Secretario.''

Se opuso á la moción anterior Don Antonio Vicens ale-
gando que se le entregó á Cuevas á su debido tiempo co-
pia de la escritura de disolución de la sociedad Berríos y
Ca. S. en C. y por tanto, concluyó suplicando que se de-
clarase sin lugar la moción con las costas á cargo del pro-
movente.

El Juez, el 18 de Octubre de 1904, resolvió que la ley y
los hechos están en contra de la parte opositora ó sea Ra-
món Cuevas, con las costas á su cargo y por tanto declaró
definitivo y firme el auto de interdicto prohibitorio preli-
minar.

Cuevas apeló de la anterior resolución de 18 de Octu-
bre de 1904 y en su alegato ante esta Corte Suprema alegó
que se ha infringido el Artículo 16 del Reglamento para

gobernar el juicio civil y la práctica de las pruebas en las Cortes de Distrito, aprobado por el Attorney General de Puerto Rico, y alega además que las partes no argumentaron oralmente sobre el fondo de la cuestión.

Esa Regla dice así:

"Regla 16.—Cuando se dicte una orden concediendo un injunction preliminar ó interdicto prohibitorio (restraining order) ó para el nombramiento de un síndico, en una solicitud ex parte ante el Juez fuera de estrados, tal orden expirará á los diez días de haber sido dictada, á menos que antes de transcurrir dichos diez días, la parte promovente entregue á la parte contraria una copia de los documentos sobre los cuales dicha orden ex parte fué dictada, junto con una notificación especificando que en el tiempo en ella mencionado se hará una solicitud á la Corte, ó al Juez fuera de estrados, para la continuación de dicha orden basada la expresada solicitud en los documentos así notificados á la otra parte y entregados al Secretario en el caso. Y la parte contraria tendrá un tiempo razonable, que no excederá de diez días, después que se le haga tal notificación, para preparar y presentar su oposición á la moción pidiendo la continuación de dicha orden."

El apelado aunque se personó nada ha alegado y el apelante sostiene que la orden concediendo el injunction preliminar debió expirar á los diez días de haber sido dictada porque la parte promovente no le entregó la copia del documento sobre el que dicha orden fué dictada junto con *una notificación de la solicitud hecha para la continua*ción de dicha orden basada la expresada solicitud en el documento así notificado y entregado al Secretario en el caso. De aquí la infracción que, según afirma, se ha cometido de la regla 16.

Pero es que en este caso que ocupa la atención de esta Corte Suprema la petición jurada se acompañó del documento por cuyo mérito se dictó la orden de injunction ó interdicto preliminar ó sea la escritura de diez de Setiembre de 1904 que contiene la disolución de la sociedad mercantil Berríos y Ca. S. en C. y la cláusula 3a. fundamento

de la petición, y de ese documento se entregó copia á la parte contraria según parece deducirse del mandamiento librado al Marshal de la Corte de Distrito de Mayagüez; y siendo esto así no había necesidad de repetir lo que ya había llegado á conocimiento de aquel á quien directamente interesaba, que en este caso es Don Ramón Cuevas.

Es de la prudente discreción de las Cortes la apreciación y aplicación del Reglamento en cada caso concreto y en este la Corte de Mayagüez que recibió la petición jurada junto con el documento base de tal petición, es la que está en perfectas condiciones para juzgar si la copia de tal documento llegó oportunamente á poder de la contraria y hay que estar por la afirmativa cuando el Juez resolvió que la ley y los hechos están en contra de la parte opositora y debemos deducir por tanto que es ilusoria la infracción alegada.

Se le dió á esta parte apelante oportunidad para expresar las razones que tuviese en contra del injunction final, ante la Corte de Distrito, pero nada hizo en ese sentido, y hoy no puede aprovecharle la alegación que ante esta Corte hace de que no se oyeran argumentos orales sobre el fondo de la cuestión.

Además la Regla 17 del Reglamento dispone que cuando se hace una moción para disolver un injunction preliminar y de ella se ha dado aviso, la parte en cuyo favor el injunction ó interdicto se concedió, está relevada de la necesidad de hacer la solicitud de que continúe en vigor la orden y esta es otra razón que hoy existe en contra de la parte apelante toda vez que ella solicitó la disolución y avisó de ello á la parte promovente.

Pero sí hay una circunstancia que debe tenerse en cuenta y es que en la resolución de 18 de Octubre de 1904, se dice que se declara definitivo y firme el auto de interdicto prohibitorio preliminar.

Esa resolución no puede tener el alcance de un inter-

dicto prohibitorio firme porque no se ha incorporado en la sentencia de un pleito ó proceso según la definición que dá la sección primera de la Ley. No puede ser por consiguiente más que un remedio provisional, constituyendo sólo interdicto prohibitorio preliminar y en ese único y último concepto es que sólo debe confirmarse, como lo proponemos, la ya citada resolución de 18 de Octubre de 1904 dictada por la Corte de Distrito del Distrito de Mayagüez.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Quiñones, y Asociados Hernández y MacLeary.

El Juez Asociado Sr. Wolf no formó tribunal en la vista de este caso.